```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL PREDUN

                                                              MEMORANDUM AND ORDER

                        Plaintiff,                            CV 06-3580

            -against-                                         (Wexler, J.)

SHOREHAM-WADING RIVER SCHOOL
DISTRICT, DR. ROBERT PELLICONE,
SUPERINTENDENT OF SCHOOLS, MR.
JEFFREY WHITE, SCHOOL BUSINESS
ADMINISTRATOR, and MS. BETSY
MARINO, ASSISTANT SUPERINTENDENT
FOR PERSONNEL AND CURRICULUM,

                        Defendants.
-----------------------------------------------------------X
```

APPEARANCES:

    ANDREW J. SCHATKIN, ESQ.
    350 Jericho Turnpike
    Jericho, NY 11753
    Attorney for Plaintiff

    LITTLER MENDELSON, P.C.
    BY: DAVID M. WIRTZ, ESQ.
        ADAM C. WEISS, ESQ.
    Attorneys for Defendant
    532 Broadhollow Road
    Melville, New York 11747

WEXLER, District Judge

    This is an employment discrimination case commenced by Plaintiff Michael Predun ("Plaintiff"). Named as Defendants are the Shoreham-Wading River School District (the "District") as well as Dr. Robert Pellicone, the District Superintendent, Mr. Jeffrey White, the

1

District School Business Administrator and Ms. Betsy Marino, the District Assistant Superintendent for Personnel and Curriculum (collectively "Defendants"). Plaintiff alleges that Defendants discriminated against him on the basis of an actual and/or perceived disability in violation of Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12101.[1] Presently before the court is the motion of Defendants to dismiss the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth below, the motion is granted.

## BACKGROUND

I. Facts

The following facts are drawn from Plaintiff's complaint as well as documentation attached thereto and incorporated by reference therein. These facts are taken as true for the purpose of this motion and are construed in the light most favorable to Plaintiff.

A. The Allegations of Discrimination: Facts Assumed To Be True

Plaintiff began his employment with the District in February of 2003, as an administrative intern. At the time of his termination, he held the position of School Business Administrator. Individual Defendants Pellicone, White and Marino are administrators who were employed by the District during the relevant time period. Discrimination in violation of the ADA is alleged on account of Plaintiff's epilepsy, a condition from which Plaintiff has suffered since the age of eleven.

Plaintiff's complaint sets forth in detail several instances during which Defendants

---

[1] Plaintiff's complaint also sets forth a cause of action pursuant to 42 U.S.C. § 1981. Defendants moved to dismiss that claim and Plaintiff concedes that dismissal of that claim is proper.

2

witnessed his epileptic condition. For the purpose of this motion, the court assumes that Defendants were aware that Plaintiff suffered from epilepsy and witnessed the manifestation of his condition. Plaintiff's complaint also details the facts surrounding Plaintiff's carrying out of a budget transfer request in August of 2003. For the purpose of this motion the court assumes the truth of that situation as set forth in the complaint. Specifically, the court assumes that Plaintiff made no error in carrying out that transfer and any delay in the transfer was not the fault of Plaintiff. The court also assumes, for the purpose of this motion, the truth of Plaintiff's allegations regarding the denial of accommodation requests made in February and June of 2004 and the making of certain inappropriate remarks concerning Plaintiff's epilepsy prior to a Board of Education meeting in May of 2004.

B. Facts Relating to Timeliness of Complaint

In view of the fact that Defendants' motion to dismiss is based upon the statute of limitations, the court assumes all facts referred to above and details here only those facts, not in dispute, regarding the timeliness of Plaintiff's complaint.

The first indication to Plaintiff that his position might be eliminated came in May of 2004, when the District was going through the process of approving its budget for the 2004–2005 school year. While the proposed budget included several personnel cuts, Plaintiff's position was not cut. However, on May 25, 2004, the president of the District Board of Education, stated that Plaintiff's position was being reduced to 50% full time employment.

While Plaintiff's position was not part of the immediate plan to restructure, a June 24, 2004 e-mail advised Plaintiff that his position would be eliminated as of December 31, 2004.[2]

---

[2] It is unclear whether the e-mail sent advising Plaintiff of his termination was dated June 22 or 24. For the purpose of this motion, the court assumes the later date.

3

Plaintiff was further advised that the future of his position after that date would be determined by the findings of an efficiency study to be completed that summer. On August 27, 2004, Plaintiff requested a dated copy of the efficiency study to find out if his position was to be eliminated. Plaintiff was informed that although the study had not been conducted, his last day of employment would remain, as stated on June 24, 2004, at December 31, 2004.

On November 10, 2004, Plaintiff submitted a form requesting to attend a School Business Officials Conference scheduled for November 20 and December 1-2, 2004. After approval of this request, Plaintiff received, via interoffice mail, a letter reiterating what Plaintiff was told on June 24, 2004 – that Plaintiff's position was being eliminated, effective December 31, 2004. The letter further stated that Plaintiff's request to attend the School Business Officials Conference was denied. Plaintiff alleges that he was surprised by these statements as the efficiency study was never conducted and a letter of dismissal was never handed to him.

C. Formal Complaints of Discrimination

On October 27, 2005, Plaintiff filled out an Equal Employment Opportunity Commission ("EEOC") Intake Questionnaire form. That form alleged that the District violated the ADA. Thereafter, on November 14, 2005, Plaintiff filed a claim of discrimination with the EEOC. The EEOC was unable to conclude that the District violated the ADA and a "Right to Sue" letter was issued. On July 5, 2006, Plaintiff filed this action.

II. Defendant's Motion

Defendants seek to dismiss the complaint in its entirety pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of jurisdiction and for failure to state a claim upon which relief can be granted. Specifically, Defendants argue that under Rule 12(b)(1) this

Court lacks jurisdiction to decide the plaintiff's ADA claim because it is time-barred. The only issue before the court is whether Plaintiff's ADA claim is time barred. After outlining relevant legal principles, the court will turn to the merits of the motion.

## DISCUSSION

I. General Principles

    A. Standards For Motion to Dismiss

Defendants' motion seeks dismissal of the complaint in its entirety pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), the Court may dismiss a case for lack of subject matter jurisdiction if it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In its analysis, the Court may consider evidence beyond the pleadings and the plaintiff bears the burden of proof to show that such evidence exists. Id. A motion to dismiss on timeliness grounds is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), not 12(b)(1). Ghartey v. St. John's Queens Hospital, 869 F.2d 160, 162 (2d Cir. 1989); Nghiem v. United States Dep't of Veteran Affairs, 451 F. Supp. 2d 599 (S.D.N.Y. 2006). Consequently, all relevant standards and procedures applicable under Rule 12(b)(6) will be considered and the court will treat the motion as governed by Rule 12(b)(6).

The purpose of a motion to dismiss "is merely to assess the legal feasibility of the complaint." Ryder Energy Dist. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984). A court should not dismiss a complaint pursuant to Rule 12(b)(6) merely because it appears that the plaintiff is unlikely to succeed on the merits. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Nonetheless, a motion to dismiss is properly granted only if it is certain "that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000). All of plaintiff's factual allegations in the complaint are assumed to be true and all the inferences from those allegations are drawn in light most favorable to the plaintiff. Desiderio v. NASD, 191 F.3d 198, 202 (2d Cir. 1999). In its analysis under Rule 12(b)(6), the court must only look to "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999) (quoting Allen v. West Point-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)).

II. Timeliness of Claim

A. The 300 Day Statute of Limitations

Prior to commencement of ADA litigation, a plaintiff must file administrative charges with the EEOC. Such charges are required to be filed within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117(ADA); Forsyth v. Federation Employment and Guidance Service, 409 F.3d 565, 572 (2d Cir. 2005); Flaherty v. Metromail Corp., 235 F.3d 133, 136 (2d Cir. 2000). Failure to file an administrative charge with the EEOC within the 300 days extinguishes the claim and prohibits recovery. Butts v. New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993).

In cases involving termination, the 300 days begins to run when the employee receives "definite notice of termination, not upon his discharge." Miller v. International Tel. & Tel. Corp., 755 F2d 20. 23 (2d Cir. 1985); Syrkin v. State University of New York, 2005 WL 2387819 *5 (E.D.N.Y. 2005). Once notice is given, the fact of continued employment does not extend the

running of the time period. <u>Delaware State College v. Ricks</u>, 449 U.S. 250, 257 (1980); <u>Syrkin</u>, 2005 WL 2387819 *5.

B.  <u>Application of the 300 Day Statute of Limitations</u>

While it may be argued that Plaintiff received notice of his termination in June of 2004, the latest arguable date upon which he received notice of his termination was November 10, 2004 – the day when he received written notice of termination. This act of termination is the final act of discrimination alleged by Plaintiff and therefore triggers the running of the 300 days. See <u>National RR Passenger Corp. v. Morgan</u>, 536 U.S. 101, 114-118 (2002) (termination is an example of a discrete act of discrimination). The 300 day period thus began, at the latest, on November 11, 2004, and expired on September 7, 2005. In view of the fact that Plaintiff filed his charge of discrimination more than two months thereafter, on November 14, 2005, the case is time-barred.

Even if the court were to accept the October 27, 2005 date, upon which Plaintiff completed his EEOC questionnaire, as the date upon which Plaintiff's claim of discrimination was filed (which it does not) the complaint would remain untimely by more than a month. See <u>McGugan v. Automatic Data Processing, Inc.</u>, 2005 WL 202983 *3 (S.D.N.Y. 2005) ("argument that a questionnaire is equivalent to a charge of discrimination has been repeatedly rejected").

In an effort to avoid the clear time bar, Plaintiff argues that the continuing violations theory and equitable tolling render his complaint timely. As discussed below, neither argument has merit.

III.  <u>Continuing Violations Doctrine</u>

A.  <u>Legal Principles</u>

The "continuing violations" doctrine extends the 300 day filing period in cases alleging a hostile work environment where continuing acts of discrimination are part of an official policy or mechanism of discrimination. National RR Passenger Corp. v. Morgan, 536 U.S. 101, 114-118 (2002); Richards v. City of New York, 2007 WL 1030294 *8 (E.D.N.Y. 2007); Brodrick v. City of New York, 942 F. Supp196, 199 (S.D.N.Y. 1996). The continuing violations doctrine is disfavored and courts are hesitant to apply it absent a showing of compelling circumstances. Trinidad v. New York City Dep't of Corr., 423 F. Supp. 2d 151, 165 n.11 (S.D.N.Y. 2006); Stephens v. Hofstra Univ., 2005 WL 1505601 *4 (E.D.N.Y. 2005). Essential to application of the continuing violations theory is the allegation of at least one discrete act of discrimination within the 300 day period. ); Bonner v. Guccione, 178 F.3d 581, 584 (2d Cir.1999); Liss v. Nassau County, 425 F. Supp.2d 335, 340 (E.D.N.Y. 2006); Schiappa v. Brookhaven Assocs., Inc., LLC, 403 F. Supp.2d 23-, 234-35 (E.D.N.Y. 2005); see Morgan, 536 U.S. at 119 (illustrating that acts outside of time period may relate back to timely acts if "each act is part of the whole").

B. <u>The Continuing Violations Doctrine Does Not Render the Complaint Timely</u>

Plaintiff's attempt to overcome the 300 day rule by relying on the continuing violations doctrine is futile because Plaintiff cannot show even one unlawful discriminatory act that falls within the 300 day time period. As noted above, Plaintiffs complaint details acts of discrimination culminating in the last act, termination, which took place, at the latest, on November 10, 2004. Since even this last act occurred more that 300 days prior to filing of the charge of discrimination, the continuing violations theory does not save Plaintiff's claim.

IV. <u>Equitable Tolling Doctrine</u>

A.  Legal Principles

Plaintiff's final effort to avoid the 300 day time bar is reliance on the doctrine of equitable tolling. Specifically, Plaintiff argues that his lack of knowledge of when to file an administrative charge with the EEOC coupled with his epilepsy should toll the time period.

Under the ADA, the formal charge filing requirement is not jurisdictional and is subject to equitable tolling. See Bruce v. United States Dep't of Justice, 314 F.3d 71, 74 (2d Cir. 2002). The doctrine of equitable tolling will "defer the start of the EEOC filing period from the time of the discriminatory action to the time the employee should have discovered the action's discriminatory nature." Dillman v. Combustion Eng'g, Inc., 784 F.2d 57, 59-60 (2d Cir. 1986).

Equitable tolling is suitable only in "rare and exceptional circumstances" in which a party is "prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (quoting, Smith v. McGinnis, 208 F.3d.13, 17 (2d Cir. 2000) and Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)). Those circumstances exist when "it would have been impossible for a reasonably prudent person to learn that his discharge was discriminatory." Miller, 755 F.2d at 24. While the courts are often hesitant to apply this doctrine for fear of opening the floodgates of litigation, circumstances when the equitable tolling doctrine has been held applicable include times when "the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period," Brown v. Parkchester S. Condos., 287 F.3d 58, 60 (2d Cir. 2002); when a plaintiff was unaware of his or her cause of action because of defendant's misleading conduct, Miller, 755 F.2d at 24; when the nonparty administrative agency provided the plaintiff with improper information, Harris v. City of New York, 186 F.3d 243, 248 n.3 (2d Cir. 1999); or when "a plaintiff's medical condition or

mental impairment prevented her from proceeding in a timely fashion," Zerilli, 333 F.3d at 80. Furthermore, even under any of the aforementioned circumstances, the plaintiff must still show that he has "acted with reasonable diligence during the time period she seeks to have tolled," and "has proved that the circumstances are so extraordinary that the doctrine should apply. Id. ; see also Lloyd v. South Shore Assoc's. for Indep. Living, 2006 WL 721346 *3 (E.D.N.Y. 2006)

B. Equitable Tolling Does Not Render the Complaint Timely

In the instant case, Plaintiff neither actively pursue judicial remedies nor filed a defective pleading during the specified time period. Plaintiff was not unaware of his cause of action because of Defendants' misleading conduct, nor did a nonparty administrative agency provide the plaintiff with improper information. At best, Plaintiff might argue that his medical condition prevented him from proceeding in a timely fashion. Plaintiff's own descriptions of his condition and job responsibilities, however, completely belie application of this theory.

Plaintiff describes himself as a capable and diligent person who held a position of responsibility with the District. Plaintiff's position required organizational skills as well as knowledge of accounting procedures and familiarity with the use of computers. The complaint's detailed description of Plaintiff's daily responsibilities shows that his epilepsy in no way interfered with the carrying out of his obligations and his knowledge of all circumstances surrounding his daily life and employment. Plaintiff was able to visit his psychologist and his neurologist when necessary. These visits demonstrate diligence and capability on Plaintiff's part. Furthermore, the fact that Plaintiff is able to drive daily despite his epilepsy further undercuts any claims that Plaintiff's condition rendered him so disabled that he was unable to discern that his discharge was discriminatory. Plaintiff's competence is further demonstrated by the fact that

Plaintiff traveled on public transportation on his own despite his medical condition. A review of the complaint also reveals that Plaintiff failed to act diligently when he did not pursue the filing of a formal complaint with the EEOC when he received oral notice of his termination on August 27, 2004 and written notice on November 10, 2004. Plaintiff missed his opportunity as he failed to timely file a complaint with the EEOC. The fact that Plaintiff waited over a year to formally file an administrative charge with the EEOC favors Defendants.

Finally, Plaintiff cannot claim ignorance of the law. As stated by the Second Circuit, "ignorance of the law excuses no one; not because courts assume everyone knows the law, but because this excuse is one all will plead and no one can refute." Dezaio v. Port Auth., 205 F.3d 62, 64 (2d Cir. 2000). In light of the foregoing, the court holds that Plaintiff has not pled, and has presented no circumstances under which he can prove, that equitable tolling saves this untimely claim.

## CONCLUSION

For the foregoing reasons, the court grants Defendants' motion to dismiss. The Clerk of the Court is directed to terminate the motion and to close the file in this case.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
June 4, 2007

11